Per Curiam.
The 20th section of 2 R. 8. 290, 2c? ed. authorizes a sale of the pledgor’s right and interest in the goods pledged, and declares that the purchaser shall acquire such right and interest, and be entitled to the possession of the goods, on complying with the terms and conditions of the pledge. The 23d section declares that no personal property shall be exposed for sale, unless the same be present, and within the view of those attending such sale. [Id. 291.) It is supposed that the latter provision does not apply to a sale of the right and interest of a pledgor mentioned in the 20th section, which seems not to contemplate a right to take possession till after sale and redemption by the purchaser; and it is insisted that corporal possession cannot be taken even by the levying officer, until the lien is removed. We think otherwise as to the officer’s right. The term personal property used in the 23d section, is synonymous with the words right and interest in the 20th section. The general property of the goods remains in the pledgor, and the goods are sold subject to the lien. Nor can the legislature be supposed to have intended, of any case, that the sheriff should quit the possession, as he did here, and sell without even knowing where the goods are. It is the purchaser who is to wait till redemption, before he takes possession. The intention of the statute seems to have been that the sheriff should seize and detain the goods in the same manner as if they were not under pledge; and put them up at auction as he must other goods. The only difference is that, in cases of pledge, he must sell subject to the lien. He should have the goods present, and hold them in custody of the law to await a redemption by the purchaser. If they are not *486 redeemable presently, or, if redeemable, and they are not redeemed presently, he should then deliver them into the custody of the pledgee, to whom the purchaser must look for them. In short, the statute intended, as it declares, to vest, in the purchaser the precise right of the pledgor. It is essential to the rights of all concerned, that the property should be subject to the view of purchasers. The common law disability of the sheriff to seize goods in pledge is removed. His right 'to take and hold them pro hac vice arises by necessary implication from the two sections cited. When the law gives a man any thing, it gives him the means of obtaining it. (Franklin’s case, 5 Rep. 47.) The case of Whitaker v. Summer, (20 Pick. 399, 405,) to which we were referred on the argument, treats of a voluntary sale by the pledgor. “ In such case,” say the court, “ as the actual custody and possession of the goods for the time being, is in the bands of the party having the lien, it follows that a constructive or symbolical delivery is sufficient to pass the property.” Enough has already been said to show the distinction between such a case, and a sale, in invitum, by virtue of an execution.
This view of the first point renders it unnecessary to say whether the defendants were estopped by the representation to Mr. Gould. I will only remark that this representation did not definitely fix the sum for which the “-State Rights” was pledged at $3000 only. It spoke of more or less; is was an expression of uncertainty as to the amount, and if the plaintiffs were misled, it was their own fault. Had the declaration been explicit, “ our lien is $3000 only,” it need not be denied that, the plaintiffs’ having acted on the faith of such a declaration, we ought, if possible, to declare the defendants estopped, or that they had waived the balance of their lien.
Both grounds taken at the trial, therefore, we think lay in the .way of the plaintiffs’ recovery; at any rate, the first is decisive.
Judgment affirmed.